```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**RONNELL G. COPPAGE,**

                    **Petitioner,**

      v.                         **CASE NO. 07-3024-SAC**

**DAVID MCKUNE, et al.,**

                    **Respondents.**


## O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as not filed within the one year limitation period in 28 U.S.C. § 2244(d)(1). Having reviewed the record, the court grants respondents' motion.

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

In the present case, petitioner was convicted in Wyandotte County, Kansas, on charges of attempted first-degree murder, criminal damage to property, and criminal possession of a firearm. These convictions became final, for the purpose of starting the

statutory one year period, on December 28, 1999, when the 90 day period expired for seeking certiorari review by the United States Supreme Court in petitioner's direct appeal.[1]  *See* 28 U.S.C. § 2244(d)(1)(A)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").  *See also* 28 U.S.C. § 2101 *and* Rule 13 of the Rules of the Supreme Court of United States.

Petitioner tolled the running of the § 2244(d)(1) limitation period on August 22, 2000, by filing a motion in the state courts for post-conviction review under K.S.A. 60-1507.  28 U.S.C. § 2244(d)(2).  At that time, 238 days of the one year limitation period had expired.  The remaining 127 days in the federal limitation period resumed running when the Kansas Supreme Court denied further review on April 29, 2003, in petitioner's unsuccessful post-conviction action.[2]

Petitioner again tolled the running of the § 2244(d)(1) limitation period by filing a second post-conviction motion in the state courts on June 24, 2003.  Once again the Kansas courts denied relief, and the Kansas Supreme Court denied further review of that

---

[1] State v. Coppage, Appeal No. 80540 (Kan.Ct.App. June 11, 1999)(Unpublished Opinion), rev. denied (Kan.Sup.Ct. September 28, 1999).

[2] Coppage v. State, Appeal No. 87191 (Kan.Ct.App. February 7, 2003)(Unpublished Opinion), rev. denied (Kan.Sup.Ct. April 29, 2003).

decision on November 8, 2006.[3]  At that time, an additional 56 days in the one year limitation period had expired, leaving petitioner 71 days to file a habeas petition in federal court.

Petitioner did not submit the instant petition until January 31, 2007, fourteen days after the federal limitation period had expired.  Respondents thus correctly contend, and petitioner acknowledges, the petition is time barred unless petitioner is entitled to equitable tolling of the limitation period.

AEDPA's statute of limitations is subject to equitable tolling only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).  Respondents maintain that equitable tolling is not justified in this matter because no extraordinary circumstances prevented petitioner from timely filing his habeas petition.

Petitioner, however, contends he diligently pursued his claims, and claims his failure to file a timely habeas petition in federal court was caused by extraordinary circumstances beyond his control.  More specifically, petitioner argues he is entitled to equitable tolling of the limitation period from November 8, 2006, the date the Kansas Supreme Court finalized the denial of petitioner's second motion for post-conviction relief, and November 29, 2006, the date he first learned of that decision from his attorney.  Because his attorney's letter did not provide the date of the Kansas Supreme

---

[3]Coppage v. State, Appeal No. 94468 (Kan.Ct.App. June 30, 2006)(Unpublished Opinion), rev. denied (Kan.Sup.Ct. November 8, 2006).

3

Court's action, petitioner assumed the tolling of the federal limitation period ended either on the date of his attorney's letter (November 27, 2006), or on petitioner's receipt thereof two days later.  Petitioner maintains he diligently checked the status of his appeal, but claims that website available to him did not even show that his petition for review was pending before the state supreme court.[4]

The Tenth Circuit Court of Appeals has recognized that a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner acted diligently in the matter.  Woodward v. Williams, 263 F.3d 1135, 1142-43 (10th Cir. 2001)(*citing* Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), *amended in part*, 223 F.3d 797 (5th Cir. 2000)).  However, the holdings in both Woodward and Phillips were limited to orders remanding the cases to the lower courts for further consideration of each petitioner's equitable tolling claim.

---

[4]Petitioner also claims he was misinformed by the state appellate courts.  He produces a letter he received from the Kansas Appellate Clerk's office dated October 30, 2006, which stated the Kansas Supreme Court had not yet ruled on his petition for review, and further stated the next opportunity for a decision would be in the first week in December when the Supreme Court was next scheduled to conference.
    The facts in the record clearly undermine any serious claim that petitioner was misled by this correspondence.  The first part of the appellate clerk's letter was in fact accurate, as the Kansas Supreme Court denied petitioner's application for review on November 8, 2006.  Moreover, petitioner's receipt of his attorney's letter on November 29, 2006, telling petitioner that the Kansas Supreme Court had denied further review of petitioner's state appeal, obviously negated any reliance on the appellate clerk's advisory comment as to when the state supreme court might issue its decision in petitioner's appeal.

In Woodward, petitioner filed a timely habeas petition, but the issue of equitable tolling arose when he tried to raise additional claims after the § 2244(d)(1) limitation period had expired. Woodward had tolled the running of the § 2244(d)(1) limitation period by filing a post-conviction action in the state courts, but claimed he was unaware of the state appellate court's decision in that action - and thus unaware the tolling had ceased - until after the federal limitation period had expired. Woodward sought equitable tolling from the date of the state appellate court's final decision, to the date he first received notice of that decision. Finding the district court had not adequately addressed this equitable tolling claim, the Tenth Circuit remanded the matter to the district court to "balance the equities of this case on the record and, if necessary, determine when Woodward actually learned of the state court's decision." Id., 263 F.3d at 1143.

The court finds petitioner's reliance on Woodward is misplaced. Unlike Woodward, the § 2244(d)(1) limitation period had not yet expired when petitioner in the present case acknowledges receiving notice of the Kansas Supreme Court's decision on November 29, 2006. At that time, petitioner had more than six weeks remaining to file a timely habeas petition in federal court. Accordingly, petitioner's failure to file his petition within the one year allowed under § 2244(d)(1) resulted from his erroneous assumption as to when the limitation period resumed running, and his failure to check further on the date of the Kansas Supreme Court's decision. These circumstances are insufficient to establish that extraordinary circumstances beyond petitioner's control prevented him from timely filing his petition in federal court, or that petitioner acted with

5

due diligence after learning of the Kansas Supreme Court's decision. *See e.g.*, Plowden v. Romine, 78 F.Supp.2d 115 (E.D.N.Y. 1999) (denying equitable tolling, noting in part that petitioner did not file a state or federal petition in the two-week period remaining in the limitation period after he learned of the state court's denial of his motion for leave to appeal to the state's highest court). It is well settled that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(*quoting* Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)). *See also* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(ignorance of AEDPA's statute of limitations is insufficient to warrant equitable tolling).

Petitioner bears the burden of establishing that equitable tolling should apply. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). For the reasons stated above, the court finds petitioner has not sustained that burden, and concludes the petition should be dismissed as untimely filed.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition(Doc. 6) is granted, and that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 20th day of February 2008 at Topeka, Kansas.

                                            s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge